UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-80009-CIV-MARRA

DEON BURTON,

    Plaintiff,

vs.

ROBIN CARR, individually and in his
capacity as Senior Vice President for
PNC Bank and, PNC BANK, a national
corporation,

    Defendants.
_____/

## OPINION AND ORDER

This cause is before the Court upon Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint and Incorporated Memorandum of Law (DE 37); and Plaintiff's Motion for Order Referring Case and Setting Trial Date in Response to Defendant's Motion to Dismiss (DE 38). Plaintiff's motion (DE 38) is styled as a response to Defendant's Motion to Dismiss, but it does not address any of Defendants' grounds for dismissal. Defendants replied. (DE 39).

### I. Background[1]

On September 30, 2004, Sunland Development, Inc. entered into a development loan agreement with National City Bank. Plaintiff Deon Burton, along with three other individuals,[2] signed as guarantors on the loan. On January 28, 2005, Sunland entered into a revolving construction

---

[1] When considering Defendants' motion to dismiss, the Court must accept all of Plaintiff's allegations as true in determining whether she has stated a claim for which relief could be granted. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

[2] One of these individuals, Ronald Hyman, was Plaintiff's husband at the time the loans were executed.

loan for a housing development with National City Bank. Plaintiff and the three other individuals again signed as guarantors. Sunland defaulted on the two loans. National City Bank brought an action to recover on the guaranties, and a final judgment was entered in favor of National City Bank and against Plaintiff, her then-husband Ronald Hyman, and Sunland on May 28, 2008. (S.D. Fla. Case No. 07-80933-CIV-HURLEY/HOPKINS, DE 22).

Over three and a half years after entry of the judgment, Plaintiff, proceeding *pro se*, initiated this case by filing a two-count complaint for injunctive relief, compensatory damages, and sanctions (DE 1). The complaint alleged that Defendant PNC Bank, as National City Bank's successor by merger, and Defendant Robin Carr, individually, were responsible for self dealing and honest services fraud (Count I) and breach of fiduciary duty (Count II).[3] Defendants moved to dismiss Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), (DE 6), but Plaintiff successfully moved for leave to file an amended complaint before the merits of Defendants' motion were reached (DE 21; DE 26). Defendants again moved to dismiss Plaintiff's amended complaint (DE 30), but Plaintiff again moved (successfully) for leave to file an amended complaint before the merits of Defendants' motion were reached. (DE 33; DE 36).

Plaintiff's second amended complaint, the subject of the present motion, brings four counts: 1) Self Dealing, Fraudulent Negligence; 2) Breach of Fiduciary Duty, Intentional Failure to Disclose; 3) Self-Dealing, Fraud on the Court; and 4) Violation of the Fair Credit Reporting Act. (DE 33). Defendants move to dismiss Plaintiff's second amended complaint on the grounds that Count IV fails to state a claim for relief under the Fair Credit Reporting Act, the Court lacks subject matter

---

[3] Count I was brought under 18 U.S.C. §§ 1346 and 1349. Both statutes define criminal violations. Neither creates a private cause of action.

jurisdiction over the remaining counts because they are state law claims, and in any event Plaintiff's claims are procedurally improper compulsory counterclaims that should have been raised in the prior federal action. For the following reasons, the Court finds for Defendants.

## II. Legal Standard

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679.

## III. Discussion

Count IV of Plaintiff's second amended complaint alleges that Defendant PNC Bank violated the Fair Credit Reporting Act because Plaintiff "was never an owner of Sunland and did not initiate a business transaction with National City Bank, therefore her civil right to privacy was violated when

3

National City Bank, without her authorization and lacking the necessary conditions precedent as set forth in the Fair Credit Reporting Act, unlawfully accessed her consumer credit report." (DE 33 ¶ 23).[4] Plaintiff further alleges that "National City Bank relied upon [Plaintiff's] personal financial information to qualify the Guarantor(s) for the Sunland Loans and the bank's subsequent prosecution for non-payment of the Loans has damaged [Plaintiff's] reputation." *Id.*

The Fair Credit Reporting Act was enacted "to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information . . . ." 15 U.S.C. § 1681(b) (2012). "To achieve its purpose, the [Act] places distinct obligations on three types of entities: consumer reporting agencies, users of consumer reports, and furnishers of information to consumer reporting agencies." *Chipka v. Bank of Am.*, 355 F. App'x 380, 382 (11th Cir. 2009) (citing 15 U.S.C. §§ 1681b, 1681m, and 1681s-2). Defendants do not fall under any of these three categories.

> The Act defines a "consumer reporting agency" as "any person which . . . regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information . . . for the purpose of furnishing consumer reports to third parties . . . ." *Id.* § 1681a(f). The statutory definition, however, excludes those that solely report information "as to transactions or experiences between the consumer and the person making the report." *Id.* § 1681a(d)(2)(A)(i); *see also Smith v. First Nat'l Bank of Atl.*, 837 F.2d 1575, 1578 (11th Cir.1988) (holding that a bank reporting information solely on its own experience with one of its customers was not acting as a "consumer reporting agency" within the meaning of the FCRA). Civil liability may be imposed on consumer reporting agencies who willfully or negligently violate the FCRA. 15 U.S.C. §§ 1681n and 1681*o*.

Pursuant to § 1681s-2, the FCRA also imposes certain responsibilities on persons

---

[4] Count IV does not allege that Defendant Robin Carr violated the FCRA.

> who furnish information to consumer reporting agencies. *Id.* § 1681s-2. Under subsection (a), persons may not knowingly furnish inaccurate information to a consumer reporting agency, must correct any such furnished information, and must notify a consumer reporting agency when any information is disputed by a consumer. *Id.* § 1681s-2(a)(1)-(3). In accordance with subsection (b), furnishers of consumer credit information must also verify the sufficiency and accuracy of the information when notified by a consumer reporting agency of a credit-report dispute. *Id.* § 1681s-2(b); *see also id.* § 1681i(a)(2). Congress, however, expressly reserved enforcement of subsection (a) to governmental agencies and officials, thereby limiting a consumer's private cause of action against a furnisher of credit information to violations of § 1681s-2(b). *Id.* § 1681s-2(c)-(d).

*Chipka*, 355 F. App'x at 382–83. "Several courts have held that banks and mortgage loan servicers are not 'consumer reporting agencies' within the meaning of the FCRA." *Crane v. Bank of N.Y. Mellon*, Case No. 1:12-CV-00102 AWI-GSA, 2012 WL 2620522, at *4 (E.D. Cal. July 5, 2012) (listing cases); *see also Smith*, 837 F.2d at 1578. In *Smith*, for example, the Eleventh Circuit held that the defendant bank was not a "consumer reporting agency" within the meaning of the Act because the bank "did no more than furnish information regarding an account in [Plaintiff's name] to a credit reporting agency." *Smith*, 837 F.2d at 1578. And the Third Circuit has similarly held that

> [t]he Act regulates "consumer reports" issued by "consumer reporting agencies." 15 U.S.C. § 1681a(d)(1). A consumer reporting agency, so far as pertains to this case, is "any person which . . . regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties." § 1681a(f). [The defendant] does not regularly engage in such practices; *it is not a consumer reporting agency—it is a bank.*

*Mirfasihi v. Fleet Mortg. Corp.*, 551 F.3d 682, 686 (3d Cir. 2008) (emphasis added) (internal citations and quotations omitted).

Here, Plaintiff fails to allege that Defendant PNC Bank is a "consumer reporting agency" or that it furnished information to such an agency within the meaning of the Act. Rather, Plaintiff alleges only that National City Bank "unlawfully accessed her consumer credit report . . . [and] relied

upon [her] personal financial information to qualify the Guarantor(s) for the Sunland Loans . . . ." (DE 33 ¶ 23). Taking the allegations of Plaintiff's second amended complaint as true, the Court concludes that Defendant PNC Bank is not a "consumer reporting agency" or a furnisher of information such that Count IV can survive Defendants' motion to dismiss on those grounds.

The only remaining avenue available for Count IV to survive dismissal is if Defendant PNC Bank can be classified as a "user of consumer reports." But Defendant PNC Bank cannot be classified as a "user of consumer reports" because 15 U.S.C. § 1681(m), the section of the Act that applies to "users," requires conduct on the part of the "user" that can be classified as "adverse action." "Adverse action" is defined in the Act as follows:

> (i) a denial or cancellation of, an increase in any charge for, or a reduction or other adverse or unfavorable change in the terms of coverage or amount of, any insurance, existing or applied for, in connection with the underwriting of insurance;
>
> (ii) a denial of employment or any other decision for employment purposes that adversely affects any current or prospective employee;
>
> (iii) a denial or cancellation of, an increase in any charge for, or any other adverse or unfavorable change in the terms of, any license or benefit described in section 1681b(a)(3)(D) of this title; and
>
> (iv) an action taken or determination that is–
>
>> (I) made in connection with an application that was made by, or a transaction that was initiated by, any consumer, or in connection with a review of an account under section 1681b(a)(3)(F)(ii) of this title; and
>
>> (II) adverse to the interests of the consumer.

15 U.S.C. § 1681a(k)(1)(B). The Bank's conduct, as alleged, cannot be interpreted as "adverse action" within the meaning of the Act.

Taking the allegations of Plaintiff's complaint as true, Defendant PNC Bank accessed her

credit report because she signed as a guarantor on two loans that Sunland sought. The Bank's conduct could not be adverse to Plaintiff's interests because all the Bank did was take steps to give Plaintiff what she wanted. Plaintiff's post-hoc attempt to suggest that she was somehow tricked into getting involved as a guarantor of the loans does not change the fact that Defendant PNC Bank was faced with a client who wanted to guarantee a pair of loans, verified that client's credit to see if she qualified as a guarantor, and then authorized the loans the client wanted. The Bank's conduct was actually consistent with *furthering* Plaintiff's interests because it merely sought to qualify her as a guarantor. The Court thus concludes that Count IV of Plaintiff's complaint fails to state a claim for relief under the Fair Credit Reporting Act because Defendant PNC Bank is neither a consumer reporting agency, a furnisher of information to consumer reporting agencies, nor a user of consumer reports. Count IV is accordingly dismissed *with prejudice*. Granting Plaintiff leave to amend Count IV would be futile because no factual allegations could be made that would state a plausible claim for relief against either Defendant under the FCRA, especially in light of the fact that Plaintiff's first complaint contained only state law claims and the two amended complaints ostensibly included a cause of action under the FCRA only as an attempt to establish subject matter jurisdiction by raising a federal claim.[5]

With Count IV dismissed, the Court no longer has original jurisdiction over any of Plaintiff's remaining claims (Counts I, II, and III) because they raise state law causes of action and, on the face of Plaintiff's second amended complaint, complete diversity of citizenship among the parties does not exist. (DE 33 ¶¶ 2–3). The Court declines to exercise subject matter jurisdiction over these

---

[5] The Court does not consider the "self-dealing and honest services fraud" count of Plaintiff's initial complaint as a federal cause of action.

claims. 28 U.S.C. § 1367(c)(3).[6] Plaintiff's state law claims will be dismissed without prejudice.

### IV. Conclusion

When a complaint fails to state a claim for relief, a district court may grant leave to amend subject to reasonable conditions and limitations. *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1270–71 (11th Cir. 2006). However, even the leniency afforded pro se litigants cannot extend *ad infinitum*. *See Anderson v. Vanguard Car Rental USA, Inc.*, 304 F. App'x 830, 832 (11th Cir. 2008); *GJR Inv., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds*, *Iqbal*, 129 S. Ct at 1950; *Lampkin–Asam v. Volusia Cnty. Sch. Bd.*, 261 F. App'x 274, 276 (11th Cir. 2008) (dismissing pro se plaintiff's second amended complaint, with prejudice, for being a "labyrinth of claims, counts, accusations and repetition."); *see also Taylor v. Greene*, 08-81054-CIV, 2011 WL 1195963 (S.D. Fla. Mar. 29, 2011). A district court need not allow an amendment 1) where there has been undue delay . . . or repeated failure to cure deficiencies by amendments previously allowed; 2) where allowing amendment would cause undue prejudice to the opposing party; or 3) where amendment would be futile. *Anderson*, 304 F. App'x at 832 (quoting *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001)); *accord Jeremiah v. Burnette*, 297 F. App'x 854, 855 (11th Cir. 2008) (holding that a district court may properly deny a pro se plaintiff leave to amend when such amendment would be futile) (citing *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004)).

In the instant case, Plaintiff has had ample opportunity to amend. In total, Plaintiff has filed three separate complaints in an attempt to state a claim, and has failed to do so. It is apparent that

---

[6] To the extent Count IV can be liberally construed as raising a state common law "invasion of privacy" claim, *see generally Allstate Ins. Co. v. Ginsberg*, 863 So. 2d 156, 162 (Fla. 2003), the Court dismisses the claim for lack of subject matter jurisdiction consistent with the dismissal of all of Plaintiff's state law claims on the same grounds.

permitting an additional opportunity to amend would be futile. Additionally, it is established that the Court need not allow amendment where it would cause undue prejudice to Defendants. At this point, the Court concludes that allowing future amendment would cause Defendants undue prejudice.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint and Incorporated Memorandum of Law (DE 37) is **GRANTED.** Count IV of the Second Amended Complaint is **DISMISSED WITH PREJUDICE.** Counts I, II and III of the Second Amended Complaint are **DISMISSED WITHOUT PREJUDICE.** The Clerk shall **CLOSE** this case. All pending motions are **DENIED AS MOOT.**

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 24th day of January 2013.

_____
KENNETH A. MARRA
United States District Judge